**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George Sterling GRIFFIN,**
**Defendant-Appellant.**

**No. 76–2548**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1977.

Mark B. Polson, Birmingham, Ala. (Court-appointed), for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., Bill L. Barnett, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

George Sterling Griffin was convicted of the interstate transportation of stolen model trains of a value in excess of $5,000 in violation of 18 U.S.C. § 2314. Griffin contends there was a variance in the description of the 8 models as given in the indictment and those established by the proof to have been involved in the transportation and sale by him. He also assigns as error the sufficiency of the evidence, a charge to the jury on inference of guilty knowledge from possession of recently stolen goods "if not satisfactorily explained," and limitation of cross-examination.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

The electric train models were each described on the indictment by gauge, model number and color. Witnesses established that all but one of the numbers as set out incorrectly failed to include the ending letter "E" to identify the first 7 engines as being equipped with an automatic reversing mechanism. The model number on one of these engines also had two digits transposed. In defense counsel's opening statement he offered to stipulate that Griffin had these model trains in his possession, that he carried them across state lines, and that "[t]he government need not prove that." The crucial questions, he maintained, were value and Griffin's lack of knowledge that the trains were stolen. After proof disclosed that the model numbers were incorrect, defendant moved for mistrial based upon "obvious problems with the descriptions as alleged in the indictment." The court overruled this motion, noting that the errors were not such as would mislead or misinform a collector of such equipment or one who traded in these types of engines, such as the defendant. On the following trial day, defendant entered into a stipulation with the prosecution that the train models "made the basis for the indictment" were transported across state lines and sold by him.

The variances did not affect substantial rights. They did not amount to the omission of any essential element of the crime charged. They were mistakes in numbers and no more. The defendant from the outset was not misled by these errors, and his defense was never predicated upon an inconsistent basis. He was not surprised, misled or prejudiced. The stipulation solved any possible problem as to future prosecution.

Defendant's remaining assignments of error do not merit discussion.

AFFIRMED.